## T. A. Rhodes v. The State.

No. 13437.   Delivered May 21, 1930.
Reported in 28 S. W. (2d) 548.

The opinion states the case.

*Lon A. Brooks* of Abilene, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Armed with a search warrant, officers went to appellant's private residence for the purpose of making a search for intoxicating liquor. The doors were locked and the officers were unable to gain entrance. Going to the rear of the house, one of the officers noticed a liquid running out of a pipe into the yard. This pipe came from a sink in the kitchen. The officer caught about a half pint of the liquid. He was unable to state how much ran out on the ground. He testified that the liquid was whiskey. Finally, the officers got into the house. They found several fruit jars containing a small amount of whiskey. One of the officers testified that altogether the whiskey contained in the fruit jars would probably make "a good drink." Appellant was in the house at the time the officers entered. There was no testimony which in any manner tended to show that appellant had sold or attempted to sell any of the whiskey. Less than a quart of whiskey was obtained. There is nothing in the record to suggest that the entire amount of whiskey,—that which ran out of the pipe, and that which was found inside,—was as much as a quart.

A charge covering the law of circumstantial evidence was submitted. The court did not charge on the presumption arising from the possession of more than a quart of intoxicating liquor, there being no evidence authorizing the submission of such matter. Appellant contends that the evidence is insufficient. We feel constrained to sustain his contention. We quote the rule touching the sufficiency of circumstantial evidence found in Branch's Annotated Penal Code, Section 1877, as follows:

"To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be

legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him."

The fact that appellant locked his house and poured out some whiskey, the quantity of which was not determined, raises merely a strong suspicion of guilt. It was incumbent upon the state to introduce proof "to a degree of certainty greater than a mere probability or strong suspicion" tending to establish that appellant possessed the whiskey for the purpose of sale.

Believing the evidence insufficient, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.