ALEX PHIPPS v. THE STATE.

No. 13699. . Delivered January 7, 1931.
Rehearing Denied February 18, 1931

The opinion states the case.

*W. E. Myres,* of Fort Worth, *Pierce B. Ward,* of Cleburne, and *J. L. Bird,* of Walnut Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of mash for the purpose of manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Appellant's two-story residence was situated on a hill surrounded by his farm and pasture land. Officers went to appellant's premises for the purpose of making a search for intoxicating liquor. Touching the result of the search, they testified, in substance, as follows: They discovered on the premises 14 barrels of mash suitable for making whisky, a gallon of whisky, a still which was warm, and a fire near the still. The barrels of mash were buried in the ground about 300 yards from appellant's residence. One could stand at the place where this mash was buried and see the dwelling house. A short distance away the officers found two other barrels of mash, which were also buried. The remaining barrels were buried at various places. There was a dirt tank of water near the place where the still was discovered. A path led from the place where liquor was manufactured to the tank. Wagon tracks led from appellant's residence to the places where the mash was buried and back to the residence again. Following the tracks the officers found a wagon in appellant's lot. According to their testimony, it was the wagon that made the tracks they had followed. There was a tub of mash near appellant's back gate. Appellant's cattle were ranging on the land where the mash was discovered. The officers did not see appellant at the time the search was made. Appellant told one of the officers that the premises belonged to him. After being released on bond, appellant went to one of the officers and asked him if there was any way he could help him (appellant) out. The officer replied that he could not help him. Appellant said: "Well I guess I am blowed up."

Appellant did not testify in his own behalf, but placed witnesses on the stand who said that the premises on which some of the mash had been found had been leased by them from appellant.

Appellant contends that the evidence is insufficient to support a conviction. It is observed that the court gave a correct charge covering the law of circumstantial evidence. The rule touching the sufficiency of circumstantial evidence is stated by Mr. Branch in his Annotated Penal Code, Sec. 1877, as follows:

"To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him."

See also Rhodes v. State, 115 Texas Crim. Rep., 348, 28 S. W. (2d) 548.

The opinion is expressed that the circumstances herein related adequately meet the measure of the law.

Appellant sought to have the jury instructed as follows:

"You are instructed that the fact that mash was found on or near the premises of defendant is not alone sufficient to authorize his conviction."

The court instructed the jury that the term "possess" meant that appellant must have the actual personal care, control and management of the mash. Appellant's instruction sought to have the court single out and charge on one of several circumstances relied upon by the State. Again, appellant had offered testimony, which, if believed, tended to show that the still and mash was not on premises controlled by him. Hence the requested charge was on the weight of the evidence.

Appellant also sought to have the jury instructed as follows:

"In no event can you convict the defendant, unless the state has proven beyond a reasonable doubt that the defendant had the actual personal care, control and management of the mash in question, and unless the State has proven that the defendant had the actual personal care, control and management of such mash you will find him not guilty, or if you have a reasonable doubt thereof you will find him not guilty."

Paragraph 2 of the court's charge defines the term "possess" as follows:

"By the term 'possess' as used in this charge is meant that defendant must have the actual personal care, control and management of the mash in question."

Immediately following the foregoing instruction is paragraph 3, which reads as follows:

"Now if you believe from the evidence beyond a reasonable doubt that the defendant Alex Phipps in Bosque County, Texas, on or about the first day of February, A. D. 1930, did unlawfully possess mash as the term 'possess' is above defined, for the purpose of unlawfully manufacturing whisky, then you will find the defendant guilty as charged in the indictment and assess his punishment at confinement in the state penitentiary for any term of years not less than one nor more than five, but if you have a reasonable doubt thereof, then you will acquit the defendant."

It is observed that the foregoing charge expressly directs the attention of the jury to the definition of the term "possess." The latter part of said charge advises the jury, in effect, that if they should have a reasonable doubt that appellant possessed the mash, as that term had been defined, he should be acquited. If it was proper for the court to instruct the jury as requested by appellant, we are of the opinion that the court's main charge adequately presented the proposition embraced in the requested instruction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Insufficiency of testimony, and refusal to so instruct the jury, are the only grounds upon which rehearing is asked. Mash was found at two points in appellant's pasture, near each of which wagon tracks—said in testimony to have been made by the same wagon—were found. From the mash found nearest appellant's residence, being two or three hundred yards distant therefrom, said wagon tracks were followed and led without break to appellant's wagon then standing at his house. We think these facts, coupled with others found in the record, entirely sufficient to support the judgment.

. The motion for rehearing will be overruled.

*Overruled.*