## M. E. GUNN ET AL. V. THE STATE.

No. 15472.   Delivered January 11, 1933.
Reported in 56 S. W. (2d) 189.

The opinion states the case.

*J. B. Dibrell, Jr.*, of Coleman, for appellants.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Armed with a search warrant, officers went to the appellants' residence for the purpose of making a search for intoxicating liquor. One of the officers entered the kitchen through a back door, while the other officers entered the house from the front. In the kitchen they discovered two half-gallon jars in the sink. The officer entering from the rear of the house testified as follows: "Each of these jars was bottom side upwards. As to what was running from them: Well, the odor was the odor of whisky. I have seen whisky and smelled it and this smelled like whisky. I think that each of these jars was a half-gallon size. When I got to the sink there, that whisky was practically all run out. But it was still in the act of running. * * * If there had been anything in them it had all run out. The whisky had all run out and the jar was upside down when I got in there. I could not tell if there had been a spoonful or a half-gallon in these jars; that is right, I could not say. The only thing that made me think it was whisky was because it smelled like whisky; it had that odor. Whatever whisky had been in these jars had already run down into the sink."

Touching the finding of the jars in the sink, the other officer gave substantially the same testimony. He said he did not taste the liquid, but knew it was whisky because of its odor. He said, further, that he was unable to tell how much whisky there had been in the jars. He testified that the appellants and several other people were in the front room when he entered the house. The testimony was to the effect that two of the parties were intoxicated. According to their testimony, the officers had frequently been in the vicinity of the house prior to the search and had seen people, who appeared to be intoxicated, driving away from the house. Also they had seen cars parked at the place on numerous occasions. One of the officers said: "While they have been living where they are now I have seen cars stopped there, going to town and backwards and forwards, and I would later see boys come away from there drunk and would find them in town drunk. That would occur both in the day time and in the night time. I have seen more than one car there at a time. I have seen as many as three or four cars there at the time."

The officers further testified that about six months prior to the raid, while appellants were living in another house, they had seen cars at their place. One of the officers said that on the

occasion last mentioned he followed a man from the appellants' residence, and that this man was drunk and had two bottles of beer in his possession. A witness for the state who was present at the time the officers made the raid declared that two of the parties in the house were drunk. She stated, however, that she had not seen them drink, and that she saw no whisky or beer in the house at any time while she was there.

Appellants did not testify, and introduced no witnesses.

A charge covering the law of circumstantial evidence was submitted. The court did not charge on the presumption arising from the possession of more than a quart of intoxicating liquor; there being no evidence authorizing the submission of such matter. Appellants contend that the evidence is insufficient. We feel constrained to sustain their contention. From Branch's Annotated Penal Code, sec. 1877, we take the following: "To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him."

It was incumbent upon the state to introduce proof "to a degree of certainty greater than a mere probability or strong suspicion" tending to establish that the appellants possessed intoxicating liquor for the purpose of sale. See Rhodes v. State, 115 Texas Crim. Rep., 348, 28 S. W. (2d) 548.

Believing the evidence insufficient, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.