# APRIL 24, 1935

RAYMOND BALLEU v. THE STATE

No. 17469.   Delivered April 24, 1935.

The opinion states the case.

*Hamilton & Fitzgerald,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of possessing whisky for the purpose of sale, and his punishment was assessed at confinement in the state penitentiary for a term of one year.

The testimony shows that on the 29th day of March, 1934, the sheriff of Hall County obtained a search warrant to search the appellant's place of business located at 614 West Main Street in the town of Memphis in Hall County, Texas. When the sheriff and his deputies entered the appellant's place of business, it was open for business. The appellant was not there at the time but his brother, Tom Balleu, was there. The officers made a search and found one quart and a pint of whisky, two dram glasses, one small funnel, 14 full cases of beer containing 24 bottles per case, two cases of empty beer bottles, and 8 bottles of beer in a cooler. The beer was taken to a chemist at Amarillo, Texas, who analyzed the same and found that three of the bottles contained 3.24% of alcohol by weight and 4.05% by volume. The other contained 2.94% of alcohol by weight and 3.69% by volume; that 3.24 is the alcoholic content. It is a beer commonly known as 3.2%, that is, 3.2% by weight. The three bottles which showed 2.94% by weight in alcoholic content were considerably less than what is known as 3.2 alcoholic content. The other three bottles showed an alcoholic content by weight of 3.24%, which is a very little difference from 3.2%. There could have been that much difference in an error of analysis. At any rate, in that beer there is no real difference between any of that and 3.2%. The State also showed numerous sales of beer and whisky by the appellant covering a period of two or three years prior to and up to the time the search of his premises were made by the sheriff on March 29, 1934.

The appellant's first complaint is that the court erred in declining to sustain his motion to require the State to elect upon which transaction it relied for a conviction. The appellant was not on trial for the sale of liquor; he was charged with the possession of the whisky for the purpose of sale, and the testimony that he had theretofore made sales of liquor to various parties was a circumstance tending to show the purpose for which he had possession of the whisky found on his premises at the time of the search by the officers.

By bill of exception No. 2 the appellant complains of the action of the trial court in permitting the district attorney to prove by the witness Bob Cannon that during the year 1934

he was in the appellant's place of business twice; that he purchased some beer, at least he supposed it to be beer, but he couldn't tell what it was; it didn't have any label on it; that he didn't think it was anything like beer which they have since it was legalized; that it might have been near beer. We believe that the appellant's contention should be sustained because the sale of 3.2% beer is not prohibited by law since the enactment of article 694A, by the 43rd Legislature, unless the same occurs in dry territory, and in order to sustain a conviction for the sale of beer it must be alleged in the indictment that the sale occurred within dry territory, or that it contained in excess of 3.2% of alcohol by weight.

By bill of exception No. 3 the appellant complains of the action of the trial court in permitting the State to prove by R. S. Green that he had one transaction with the appellant but he could not state positively what year it was, that he didn't remember whether it was last Christmas, a year ago, or the year before that; that it was two or three years ago. We quote from his testimony: "The defendant was in my store and I asked him if he knew where I might get a bottle of whisky. I told him that a traveling man hadn't brought me any as usual and that I wanted some; that I wanted to use it for a fruit cake in cooking, and he said, 'I don't know. I think probably there is a man coming in from New Mexico in the next two or three days; I will see if I can get you a bottle,' and in two or three days he came around and told me he had gotten that bottle of booze for me. He delivered it to me. I paid him in money; it was one, two, or three dollar bills that I gave him," to which the appellant objected because it was too remote from the time charged herein. We believe that by reason of the uncertainty of the testimony as to the time of the sale that the objection of the appellant should have been sustained, and in support of the views herein expressed we refer to the case of Gothard v. State, 270 S. W., 177; Johnson v. State, 266 S. W., 155.

The appellant within the time prescribed by law objected to the court's main charge because it failed to instruct the jury that the testimony of the sale of whisky by the appellant prior to the 29th day of March was admitted for the purpose of showing, if it did show, the purpose of the appellant in having possession of the whisky found on his premises at the time alleged in the indictment. We are of the opinion that the court should have responded to the objection. The various sales of the whisky by the appellant prior to the 29th of March were separate, dis-

tinct and extraneous offenses and were not admissible except to show the purpose for which the appellant possessed the whisky, and the testimony should have been limited to that purpose.

The appellant also timely objected to the court's main charge in failing to instruct the jury that if they believed from the evidence, or had a reasonable doubt thereof, that appellant acted as agent for R. S. Green in securing for Green some whisky, they could not consider the same as a guilty circumstance against him. It is our opinion that the appellant was entitled to such an instruction because the testimony raised that issue. In order to get away from the question of agency and to have a violation of the law, there must be some fact stated which would show that the appellant was a seller and not acting as agent for the purchaser, and in support of the views herein expressed we refer to the case of Givens v. State, 91 S. W., 1090.

The appellant also objected to the court's main charge because the court failed to instruct the jury that the appellant could not be convicted for the possession of 3.2% beer nor could the jury consider the same as a circumstance of guilt against him. It is our opinion that the court's failure to respond to this objection was error for the reason that the sale of beer of 3.2% of alcoholic content by weight is no longer an offense unless committed in dry territory, and since the sale of 3.2% beer was legalized in the town of Memphis and the recent act of the 43rd Legislature (Art. 694A) does not carry a savings clause, the appellant could not be convicted for selling beer prior to the time the sale thereof was legalized. See Sheppard v. State, 1 Texas. App., 522; Whisenhunt v. State, 18 Texas App., 491; Kenyon v. State, 31 Texas Crim Rep., 13. Hence the jury should have been instructed that the sale of beer by the appellant of 3.2% of alcoholic content by weight could not be taken and considered as a circumstance showing the purpose for which the appellant had possession of the alleged whisky.

We do not deem it necessary to discuss any of the other errors complained of as they may not arise again upon another trial.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.