## JOE WILLIAMS v. THE STATE.

No. 20959. Delivered April 3, 1940.

The opinion states the case.

*R. Homer Moore,* of Frankston, and *Greenwood & Reeves,* of Palestine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possessing beer in a dry area for the purpose of sale; the punishment, confinement in jail for 90 days.

Officers testified that they went to appellant's place of business and discovered three cans of beer in an ice box and five cans in a window "stache." According to their version they also found five empty beer cans that had just been emptied.

There was proof to the further effect that appellant had a half pint of liquor in his pocket. Appellant and his wife testified that they had sold no beer. We quote from the testimony of appellant's wife: "I did have some beer on the 8th of June, 1939, but I had it for medicinal purposes." She testified further that it was upon the advice of a physician that she used the beer for medicinal purposes. Appellant testified as follows: "My wife had been in bad health for some time and I keep beer for her to drink. I do not sell beer or liquor. I had the beer introduced in evidence in my possession on the 8th day of June, 1939, but I did not have it for the purpose of sale. My wife had been in ill-health since the 12th day of November, 1938,. and we have consulted about three doctors about her condition. Dr. Moss advised her to drink three bottles or cans of beer per day, that the beer would be good for her as a stimulant and as a tonic, and I had that beer in my possession for no other purpose than for her."

The possession alone of beer in a dry area is not an offense. Before such possession is an offense it must be for the purpose of sale, and this fact must be shown by the evidence to be true. Appellant's affirmative defense was that the beer was possessed for medicinal purposes. Notwithstanding appellant submitted a requested instruction covering his affirmative defense, the court declined to give such charge, and nowhere in the main charge was such affirmative defense submitted. Under the circumstances, we must order a reversal of the judgment. See White v. State, 278 S. W. 203.

We disclaim any intention of holding that the evidence is insufficient.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.