## ARTHUR HEADSPETH V. THE STATE.

No. 21574. Delivered April 23, 1941.
On Motion to Reinstate Appeal June 4, 1941.

The opinion states the case.

*L. D. Johnston,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

CHRISTIAN, Judge.

The offense is possessing whisky in a dry area for the purpose of sale; the punishment, a fine of $100.00.

In view of the fact that no judgment of conviction appears in the record, this court is without jurisdiction.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, Presiding Judge.

The foregoing opinion was prepared by Judge Christian and brought into consultation on the morning of April 15, 1941. During consultation, at about 10:30 a. m., he was suddenly stricken and soon lapsed into unconsciousness, and passed away about 7 o'clock in the evening of April 15. In the afternoon

the court continued its consultation, considered the opinion, and adopted the same. It is now here formally announced as the opinion of the court under the name of our lamented co-worker, this April 23, 1941.

ON MOTION TO REINSTATE APPEAL.

KRUEGER, Judge.

At at former day of this term of court we dismissed the appeal in this case by reason of a defective record. Since then the record has been perfected. The appeal is therefore reinstated and the case will now be disposed of on its merits.

Appellant makes two contentions for a reversal of the conviction: First, that the court erred in declining to peremptorily instruct the jury to return a verdict of not guilty because the evidence is insufficient to justify his conviction; and second, because the court declined to give appellant's special requested instruction to the effect that the possession of not more than one quart of whisky is not prima facie evidence that it is possessed for the purpose of sale. His first contention rests entirely upon the facts proved upon the trial. The State's testimony, briefly stated, shows that prohibition was in force in Ellis County; that on the 2nd day of August, 1940, an agent of the Texas Liquor Control Board, accompanied by the Constable of Precinct No. 1 of Ellis County, saw appellant as he drove up in front of his place of business in the town of Waxahachie. After he had gotten out of his car they engaged him in a conversation and inquired of him if he had any whisky, to which he replied: "Search me and see." The officers searched him and found two pints of whisky on his person. This was all the evidence adduced by the State.

Appellant did not testify or offer any evidence whatever, but relied entirely upon the fact that the State had failed to show that he possessed the whisky for the purpose of sale. We think appellant's position is well taken. Not having more than one quart of whisky in his possession, it was not prima facie evidence that he had it for sale. See Art. 666-23a, P. C. Therefore, the State, in order to prove the charge in the complaint and information that appellant had the whisky for sale, was required to produce some evidence showing that he did possess it for that purpose. In this respect the State has failed. We believe that appellant was entitled to the special requested instruction or one of like import. See Emerson v. State, 136 Tex. Cr. R. 502.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.