SHELBY WALKER V. THE STATE.

No. 22178.  Delivered June 17, 1942.

The opinion states the case.

*Conner Scott,* of Brownwood, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of possessing whisky in a dry area for the purpose of sale. The punishment assessed is confinement in the county jail for a period of six months.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction. In order that this opinion may reflect the basis of our conclusion, we deem it proper to briefly state the evidence adduced by the State. It appears from the

record that on the 21st day of March, 1942, a deputy constable saw the appellant drive into the driveway of Joe Cole's Service Station, located in the city of Brownwood in Brown County. The constable noticed that when appellant opened the door to his automobile he had a pint bottle in his hand which he was attempting to put in the bosom of his shirt but when he saw the officer approaching he took the top off the bottle and poured the contents thereof back of the seat of his car with the exception of one-third of a pint which the officer recovered. Appellant did not testify. However, it was admitted by his counsel that Brown County was a dry area, as charged in the complaint and information. It was further admitted, in connection with the allegation of repetition of offenses contained in the information and for no other purpose, that the defendant in this cause is the same defendant who was convicted in cause No. 6940.

We are of the opinion that appellant's contention is well founded. It will be noted that appellant possessed but one pint of whisky, which was not a violation of the law, unless he possessed it for the purpose of sale. Therefore, the prima facie statutory rule of evidence would not apply, and the State had the burden of proving that he possessed it for the purpose of sale. In the absence of such proof the conviction cannot be sustained. Of course, there is a stipulation in the record to the effect that appellant was the same person who was convicted in cause No. 6940, as alleged in the count setting out the allegation of repetition of offenses, but this stipulation is so limited that it merely admitted that he was the same person who was convicted in said cause and for no other purpose. The State having tied its hands should not be permitted, under its solemn agreement, to stretch them out further than it had agreed to. See Williams v. State, 139 Tex. Cr. R. 35, 138 S. W. (2d) 807; Williams v. State, 136 Tex. Cr. R. 511; Crutchfield v. State, 137 Tex. Cr. R. 572, 132 S. W. (2d) 857; Brooks v. State, 138 Tex. Cr. R. 526, 137 S. W. (2d) 768.

From what we have said it follows that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.