# FEBRUARY 14, 1945

JOE ALBIN v. THE STATE.

No. 23064. Delivered February 14, 1945.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, and *Alex P. Pope,* of Tyler, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is the possession of whisky ·in a dry area for the purpose of sale. The punishment assessed is a fine of $400.00.

Appellant's chief complaint is that the evidence is insufficient

to justify and sustain his conviction. With this contention we agree.

The primary offense charged was the possession of whisky for the purpose of sale in a dry area. To support this allegation the State depended upon testimony showing that appellant had in his possession a quart of whisky, together with testimony to the effect that some fifteen months prior thereto he had sold a pint of whisky in violation of the law. The facts do not authorize the application of the prima facie rule in that "not more than a quart of whisky" was shown to have been possessed. The State was therefore required, in order to sustain the conviction, to furnish some evidence that the whisky in appellant's possession was possessed for the purpose of sale as alleged. We are unable to say that the testimony as to the remote sale of a pint of whisky fifteen months prior thereto meets this requirement. The evidence is therefore insufficient to support the conviction. In support of the opinion here expressed we refer to the case of Headspeth v. State, 151 S. W. (2d) 807.

From what we have said, it follows that the judgment of the trial court should be reversed and remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.