WILL SCOTT V. THE STATE.

No. 23711. Delivered June 18, 1947.

*Cunningham & Boling,* of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the local option laws of Crosby County, and the complaint and information contained further allegations showing two prior convictions for an offense of a similar character. The jury, after having retired to consider of their verdict, returned into court two verdicts, each signed by their foreman, one verdict a finding of guilt and assessing a fine of $900.00, and a further verdict complete in detail and signed by the foreman, with a finding of guilt and assessing a fine of $900.00 and 90 days in jail. Thereupon the judge refused to receive either one of these verdicts and sent them back for further deliberation. They soon returned with but one verdict assessing the above fine and jail sentence. The trial court was correct in thus refusing these two verdicts and sending the jury back for further deliberation. See Branch's Ann. Tex. P. C., p. 333, sec. 651.

Appellant complains because the trial court, over his objection, allowed the State to introduce and read to the jury the affidavit, as well as the search warrant issued by the Justice of the Peace authorizing the search of Will Scott's Cafe. This was error as has been held in many cases. See Sheffield v. State, 37 S. W. (2d) 1038, and cases there cited.

Appellant's requested charge No. 1 was an instruction to the jury relative to appellant's right to have in his possession one quart of whisky or a quantity of beer not exceeding 24 containers of 12 ounces each. Undoubtedly this is the law and should be charged as such provided there is testimony showing that such liquor was had for the holder's private use. However, no such testimony was given in this case and therefore such charge was properly refused. We think such private use could be offered as a defense. The trouble arising herein is that no such testimony was given and therefore such instruction was not called for by the facts.

The complaint and information were attacked upon the following grounds: The complaint consists of two counts. In the first count it is alleged that the appellant, Will Scott, on or about November 23, 1946, in the County of Crosby and State aforesaid, did then and there unlawfully possess for the purpose of sale an alcoholic beverage, to-wit: 12 pints of whisky and one 4/5 quart of whisky and 22 12-ounce bottles of beer. Then follows, "and I, the affiant aforesaid, upon my oath aforesaid, do further solemnly swear", etc., setting forth a prior conviction of appellant on November 18, 1946, of an offense of like character, * * * "and after the said judgment of conviction had become final against him, the said Will Scott, he, the said Will Scott, committed the offense hereinabove alleged after an election had been held by the qualified voters of said county in accordance with the law to determine whether or not the sale of intoxicating liquors would be prohibited in said county", and such election had resulted in favor of prohibition, etc. It will be noted that in the first paragraph of such complaint, there was no allegation relative to the dry status of Crosby County. It will also be noticed, however, that in the second count of this complaint, we find the proper allegations relative to such dry status. It would have been the better practice to have set forth the dry status of the county in the first count of the pleadings and not relied on the second count thereof for this necessary allegation.

Appellant requested a charge setting forth in substance the proposition that one has the right to possess for his own use a quart of whisky and 288 ounces of beer, this being based on the fact that the possession of more than one quart of whisky or 288 ounces of beer is a prima facie presumption that the same was possessed for the purpose of sale. There is no testimony in the record showing, or tending to show, that any portion of this liquor was for appellant's own use; and again, one can be guilty of possessing intoxicating liquor for the purpose of sale who is found with less than a quart and less than the specified ounces of beer. Under the evidence here presented, the trial court was correct in refusing this requested instruction. .

The trial court only submitted to the jury the enhanced punishment portion of this information. That is, before they could convict thereunder, they should find beyond a reasonable doubt that appellant committed the offense of date, November 23, 1946, and that he also committed the offense of date, November 18, 1946; and believing beyond a reasonable doubt there-

of, then the penalty of a double punishment was charged, saying nothing in his charge relative to the primary punishment for only one charged offense, but giving in his charge the penalty attached to a second offense of like character. The trial court should have first charged the jury on the primary offense, and also that in the event of a conviction therefor, should have further charged them relative to the second paragraph of such complaint and information, giving the penalty for each paragraph.

It is also contended that the State failed to prove that appellant was convicted of the prior offense. It is shown that he paid a $400.00 fine therefor, but in the event of another trial, it would be proper to prove such prior conviction by the introduction of the judgment in such prior cause.

For the error in admitting and reading the affidavit and warrant before the jury, this judgment is reversed and the cause remanded.