EVANS MAYO V. STATE.

No. 24586. January 11, 1950.
Appellant's Motion for Rehearing Granted March 1, 1950.
State's Motion for Rehearing Denied (Without Written
Opinion) April 19, 1950.

*D. F. Sanders* and *J. A. Veillon,* Beaumont, for appellant.

*Jep S. Fuller,* Criminal District Attorney, *Joe B. Goodwin,* Assistant Criminal District Attorney, Beaumont, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for practicing dentistry without a license, with punishment fixed at a fine of $2,000 and 180 days in jail, so enhanced because of two prior convictions for the same character of offense, as provided by Art. 61, P. C.

Art. 754, Chapter Seven, P. C. prescribes the punishment affixed to the unlawful practice of dentistry, and reads as follows:

"Any person who shall violate any provision of this Chapter shall be fined not less than One Hundred ($100.00) Dollars, nor more than Five Hundred ($500.00) Dollars, or be confined in jail from one to six (6) months, or both. Each day of such violation shall be a separate offense."

The manner in which the question of punishment was submitted to the jury presents the sole question for review.

By the court's charge the jury was instructed that in the event it found appellant guilty of the primary offense charged and that he had been twice theretofore convicted of an offense of like character, as alleged, it would find him guilty as charged, and "assess his punishment at a fine of not less than Four Hundred ($400.00) Dollars, nor more than Two Thousand ($2,000.00) Dollars, or by confinement in jail from four to twenty-four months, or both."

It is appellant's contention that such charge was erroneous in that the jury was not given the discretionary right to fix the punishment at a fine or jail term less than four times the minimum penalty affixed to the unlawful practice of dentistry. In other words, he contends that instead of fixing the minimum punishment authorized to be inflicted at a fine of not less than four hundred dollars or confinement in jail for not less than four months, the trial court should have authorized the jury to fix any punishment, either a fine or term in jail, or both, that they desired, so long as the punishment assessed did not exceed four times the maximum punishment authorized, which was a fine of two thousand dollars or twenty-four months in jail.

Art. 61, P. C. reads as follows:

"If it be shown on the trial of a misdemeanor that the defendant has been once before convicted of the same offense, he shall on a second conviction receive double the punishment prescribed for such offense in ordinary cases, and upon a third

or any subsequent conviction for the same offense, the punishment shall be increased so as not to exceed four times the penalty in ordinary cases."

This statute is a reform measure, enacted to increase the punishment of those who do not reform but continue to commit offenses of like character. If the punishment for subsequent convictions be not increased by the statute, then the statute has definitely failed in its purpose.

Under appellant's contention—that is, that no minimum punishment is fixed by the statute—the jury would be authorized to fix a punishment entirely within that prescribed for first offenders, even though the jury also found that the accused had been twice before convicted for offenses of like character.

It is apparent, therefore, that the construction to be given to Art. 61, P. C., in so far as it relates to the punishment to be affixed to third and subsequent convictions, is that as here submitted by the trial court—that is, not less than four times the minimum nor more than four times the maximum.

Such is the construction given to the statute in Gould v. State, 66 Tex. Cr. R. 122, 146 S. W. 172, which is here reaffirmed.

The case of Scott v. State, 150 Tex. Cr. R. 536, 202 S. W. 2d 945, relied upon by appellant, does not announce a contrary conclusion.

No reversible error appearing, the judgment is affirmed.

Opinion affirmed by the court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

The charging portion of this complaint and information reads as follows:

"He, the said Evans Mayo, did on or about the 24th day of January, A. D., 1949, offer and undertake to prescribe for a physical condition of the human gums of one Jerry J. Raisch, a member of the general public, by taking an impression of said

gums of Jerry J. Raisch and make a dental appliance and did directly charge money therefor."

We confess that we are at a loss as to what kind of a dental appliance the appellant is charged with having made. Surely there is a multitude of such appliances that are called dental appliances as the practice of dentistry has evolved through the years. We are impressed with the idea that the pleadings of the state should make it plain as to what appliance appellant was charged with having made. The complaint should have charged "the commission of an offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged." Art. 405, C. C. P. "The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." Art. 398, C. C. P.

We find ourselves unable to say that in the event of a further prosecution what specific act was charged in the present complaint.

Thus believing, the motion for rehearing is granted, the order of affirmance is set aside, and the cause is now reversed and dismissed.

Hawkins, P. J., absent.