BILLY RAY PALMER V. STATE.

No. 24741. April 12, 1950.
On Reinstatement of Appeal April 26, 1950.

*McKinney & McKinney,* Cooper, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the State.

WOODLEY, Judge.

Appellant was found guilty by the verdict of a jury of the sale of whiskey in a dry area, the punishment being assessed at a fine of $200 and 90 days' confinement in the county jail.

No judgment is found in the record, in the absence of which this court is without jurisdiction of the appeal.

The appeal is therefore dismissed.

Opinion approved by the court.

### ON MOTION TO REINSTATE APPEAL.

WOODLEY, Judge.

The record having been perfected, the appeal is reinstated.

The complaint and information, in addition to charging the sale of whiskey on October 2, 1949, alleged that appellant had been previously convicted of an offense of like character in the same court on July 14, 1949. In another count of the complaint and information appellant was charged with the unlawful possession for the purpose of sale of whiskey, but this count was not submitted to the jury.

L. C. Burrow, the clerk of the court, testified as a witness for the state from the records of the court as to the prior conviction of July 14, 1949, described in the complaint and information, and in addition thereto to a conviction for possession of whiskey for the purpose of sale on June 26, 1948, and another for the offense of "possession and transportation of whiskey for the purpose of sale" on April 5, 1947. Still another conviction in 1946 was shown against appellant in the following statement of said witness: "I have something against the defendant in 1946. The number is 6008, State of Texas vs Bill Palmer, date is September 5, 1946, punishment is $100.00 and costs. Plea of guilty."

The witness explained that except for the prior conviction of July 14, 1949, he had no personal knowledge about the cases, but was merely reading from the court's records.

Appellant objected to the introduction of such evidence of former convictions, and filed a written motion requesting that the jury be instructed not to consider the testimony relative to any violation of the liquor laws by appellant, other than that of October 2, 1949, and July 14, 1949.

The court overruled such objection and motion, which action of the court is complained of by proper bills of exception.

The trial court was in error in admitting such proof of convictions for extraneous offenses, and in refusing to withdraw the same from the jury. See 18 Tex. Jur. Sec. 31.

The state should have been confined in its proof to the offense presently charged, and the prior conviction alleged in the complaint and information for the purpose of seeking an enhanced punishment.

In regard to the punishment to be assessed in the event of conviction, the trial court instructed the jury as follows:

"Our statute further provides that any person found guilty of

violating the provisions of said statute shall be deemed guilty of a misdemeanor and upon conviction shall be punished by fine of not less than Two Hundred Dollars * * *, or by imprisonment in the county jail for not more than Two years, or by both such fine and imprisonment."

In the event of their finding appellant guilty of the sale presently charged, the jury was told to assess the punishment within such limits.

It is observed that such punishment is double the punishment provided for the offense charged. See Art. 666-41, P. C.

The trial court was without authority to assume that appellant had been so previously convicted, or to determine such fact from the evidence. See Moore v. State, 154 Crim. Rep. 307, 227 S. W. 2d 219.

In order to enhance the punishment for a misdemeanor under the terms of Art. 61, P. C., it was essential that the prior conviction relied upon be alleged in the complaint and information, and that under appropriate instructions the jury find beyond a reasonable doubt from evidence sufficient to support such finding, that the accused is guilty of the offense presently charged, and also that he was, prior to its commission, convicted of a like offense. See Scott v. State, 150 Tex. Cr. R. 536, 202 S. W. 2d 945.

The trial court erred in overruling appellant's exception to the charge for failing to submit to the jury the punishment provided by law for the primary offense charged, or requiring the jury to find appellant to have been previously convicted as charged before the punishment could be enhanced.

For the errors pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the court.