SUGG GAINES V. STATE.

No. 24836. June 21, 1950.

*B. R. Reeves,* Palestine, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of possessing whiskey for the purpose of sale in a dry area, and his punishment was assessed at 90 days in jail and a fine of $100.00.

The state relied on the testimony of the sheriff to the effect that he saw appellant in a car with two others, and that appellant was in the act of pouring some whiskey out of a pint bottle; that he mopped some of it up and produced it upon the trial.

The only other evidence was an agreement that the area was dry, and proof that some seven years previously, appellant had been convicted on a plea of guilty to possession of whiskey for the purpose of sale in a dry area in three cases.

Such evidence of prior convictions was not admissible for any purpose, and appellant's objection thereto should have been sustained.

Proof of recent sales of liquor in a dry area by the accused has been held admissible on his trial for possession of liquor for the purpose of sale in such an area. See Smiley v. State, 146 Tex. Cr. R. 342, 174 S.W. 2d 973.

But a sale 15 months prior to the possession by an accused of less than a quart of whiskey in a dry area has been held insufficient to prove possession for the purpose of sale. See Albin v. State, 148 Tex. Cr. R. 114, 185 S.W. 2d 447.

The rule permitting proof of a prior sale has no application to testimony showing that the accused pleaded guilty to or was convicted of possessing whiskey for the purpose of sale on a prior occasion. See Brooks v. State, 138 Tex. Cr. R. 526, 137 S.W. 2d 768.

No presumption of law is applicable here save the presumption of innocence, and there is no proof that the whiskey in the pint bottle was possessed by appellant for the purpose of sale.

The state has properly confessed in its brief that the conviction should not be sustained.

The judgment is reversed and the cause remanded.

Opinion approved by the court.