BLAKE McCOY V. STATE.

No. 26,762. January 20, 1954.

No attorney for appellant of record on appeal.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the possession of whiskey for the purpose of sale in a dry area; the punishment, three months in jail and a fine of $500.00.

In view of our disposition of this cause, a recitation of the facts is not deemed necessary.

The information contained one count alleging an offense to have occurred on December 17, 1952.

As part of the state's case in chief, over objection of the appellant, a judgment from the same court finding the appellant guilty of possession of liquor in a dry area for the purpose of sale, and dated March 21, 1949, was read to the jury.

The trial court, in overruling appellant's objection to the proof of this prior offense, was probably mislead by what we said in Smiley v. State, 146 Tex. Cr. Rep. 342, 174 S. W. 2d 973. A careful analysis of that case will show, however, that the prior convictions proved in that case were offenses of selling liquor in a dry area.

In Gaines v. State, 155 Tex. Cr. Rep. 79, 231 S. W. 2d 429, we said:

"The rule permitting proof of a prior sale has no application to testimony showing that the accused pleaded guilty to or was convicted of possessing whiskey for the purpose of sale on a prior occasion. See Brooks v. State, 138 Tex. Cr. R. 526, 137 S. W. 2d 768."

The distinction and the reason for the rule lies in the fact that possession cases may be bottomed upon a presumption. It is quite possible because of such presumption for a completely law abiding citizen to be convicted of possessing intoxicating liquor for the purpose of sale when in fact he never intended to sell at all. Such is not the situation when a sale is proven.

For the error set forth, the judgment is reversed and the cause remanded.