## Ervin Davidson v. State

No. 27,600. May 11, 1955

*Fred Whitaker* and *Ruff Wall*, Carthage, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted for the sale of whiskey in a dry area and his punishment was assessed by the jury at 90 days in jail and a fine of $750.

The state's evidence was to the effect that appellant sold a pint bottle of whiskey to an inspector for the Texas Liquor Control Board in a dry area.

The inspector testified that he purchased the whiskey at appellant's service station on the afternoon of Sunday, July 25th, 1954, paying appellant $4.00 therefor.

The testimony of appellant and his witnesses was to the effect that the inspector came to the service station in the morning and that appellant did not and could not have made the sale as claimed by him.

The inspector testified that he was at the service station but

once on the day in question, and was positive it was in the afternoon. A witness who was shown to have been in company with the inspector corroborated his testimony.

The complaint and information upon which appellant was tried contained no allegation as to prior convictions.

On cross-examination, appellant was asked: "Mr. Davidson, isn't it a fact that you plead guilty in the County Court of Gregg County to two violations of the liquor laws and paid fines?"

Appellant's objection to such question was sustained, but Bill of Exception No. 2 certifies that the trial court declined the request that the jury be instructed that they should not consider the question or the asking of the question, and overruled appellant's motion for mistrial.

The effect of the asking of the question was to inform the jury that appellant had been previously convicted of offenses of a like character to that for which he was on trial. The trial court properly sustained the objection, but erred in declining to instruct the jury to disregard the improper question.

We have held that in a prosecution for possession of intoxicating liquor in a dry area for the purpose of sale proof of recent prior convictions for sale of such liquor in a dry area is admissible on the issue of intent. Smiley v. State, 146 Texas Cr. R. 342, 174 S.W. 2d 973; Gaines v. State, 155 Texas Cr. R. 79, 231 S.W. 2d 429; Williams v. State, 119 Texas Cr. R. 340, 43 S.W. 2d 98; Atwood v. State, 96 Texas Cr. R. 249, 257 S.W. 563.

This rule has no application where the prior conviction was for possession for sale or transporting liquor in a dry area. Gaines v. State, supra; McCoy v. State, 159 Texas Cr. Rep. 315, 263 S.W. 2d 782; Martin v. State, 151 Texas Cr. R. 62, 204 S.W. 2d 627; Brooks v. State, 138 Texas Cr. R. 526, 137 S.W. 2d 768.

Nor is evidence of prior convictions for violations of the liquor laws admissible where, as here, the sole issue is whether or not appellant sold whiskey in a dry area. Balleu v. State, 128 Texas Cr. R. 375, 82 S.W. 2d 146; Scroggins v. State, 133 Texas Cr. R. 378, 111 S.W. 2d 273; Burton v. State, 146 Texas Cr. R. 446, 176 S.W. 2d 197; Palmer v. State, 154 Texas Cr. R. 536, 229 S.W. 2d 174.

Prior convictions for violation of the liquor law are also inadmissible when offered for impeachment purposes, since such offenses are misdemeanors and do not involve moral turpitude. Branch's Ann. P.C., p. 103, Sec. 169; Nattali v. State, 151 Texas Cr. R. 626, 209 S.W. 2d 930; Andrews v. State, 154 Texas Cr. R. 392, 228 S.W. 2d 173.

That appellant was prejudiced by the inference regarding prior convictions is reflected in the verdict wherein a jail term of 90 days and a $750 fine was assessed.

We direct the trial court's attention to the fact that the bill of exception which he approved contains the statement "The Court committed a material error calculated to injure the rights of the defendant" in declining to instruct the jury to disregard certain questions propounded by the county attorney.

Since the judgment must be reversed for the error mentioned we pretermit any discussion of the claimed error in the overruling of appellant's motion for continuance because of the absence of material witnesses.

The judgment is reversed and the cause is remanded.