## H. L. BURRIS V. STATE.

No. 30,729. June 27, 1959.
State's Motion for Rehearing Overruled October 21, 1959.

*C. O. McMillan,* Stephenville, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of whisky for the purpose of sale in a dry area with a prior conviction for an offense of like character alleged for the purpose of enhancement; the punishment, a fine of $500.

The sole question presented for review is the sufficiency of the evidence to sustain the conviction.

State Liquor Board Inspector William Groce testified that on the day in question he went to a point on Doctor Kooken's place in Hamilton County where he could observe the appellant's house with field glasses; that while making his observations he saw several cars and a pickup come to the house and after they would "honk" the appellant would come out and they would leave; that later he saw appellant walk down a hill west of his house and thereupon he moved from his position into the woods near the fence between the two places and concealed himself in some bushes; that some thirty minutes later appellant came down the fence row, crossed over the fence onto the doctor's land, walked within ten feet of the witness, picked up two pints of whisky, concealed in the bushes, and placed one in his inside coat pocket and the other in his side coat pocket; that he then "hollered" to the appellant to stop, appellant then jumped over the fence onto his property, took the cap off of one bottle and started to pour out the contents, and thereupon the witness

climbed over the fence, seized the two pints and placed appellant under arrest. The contents of the two pint bottles were shown to be whisky.

The dry status of Hamilton County was stipulated.

Appellant did not testify or offer any evidence in his behalf.

The court submitted the issue of appellant's guilt to the jury under a charge on circumstantial evidence.

The testimony of Officer Groce clearly shows that appellant possessed the two pints of whisky in question.

However, to convict the appellant it was incumbent upon the state to show not only that he possessed the whisky but that he possessed it for the purpose of sale. In making such proof the state could not rely upon the statutory presumption created by Art. 666-23a(2), V.A.P.C., because it was not shown that appellant possessed more than one quart of liquor. Nor could the state rely upon the evidence of appellant's prior alleged conviction for the possession of intoxicating liquor for the purpose of sale in a dry area to prove that he possessed the two pints of whisky for the purpose of sale. McCoy v. State, 159 Texas Cr. Rep. 315, 263 S.W. 2d 782, and Gaines v. State, 155 Texas Cr. Rep. 79, 231 S.W. 2d 429.

There is no evidence that appellant sold or delivered any whisky to the persons in the automobile who Officer Groce saw drive to his house on the day in question. While the facts and circumstances shown raise a strong suspicion of appellant's guilt, it was incumbent upon the state to introduce proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that he possessed the whisky for the purpose of sale. This we think the state failed to do. See Rhodes v. State, 115 Texas Cr. Rep. 348, 28 S.W. 2d 548; Walker v. State, 144 Texas Cr. Rep. 363, 163 S.W. 2d 207, and Hart v. State, 152 Texas Cr. Rep. 537, 215 S.W. 2d 883.

Because of the insufficiency of the evidence, the judgment is reversed and the cause remanded.

Opinion approved by the Court.