BEN WIDENER V. STATE

No. 33,264. April 5, 1961
Motion to Reinstate Appeal Overruled May 17, 1961
Appeal Reinstated June 7, 1961

*Forrester Hancock,* Waxahachie, and *Robert C. Benavides,* Dallas, for appellant.

*Jimmy Morris,* County Attorney, Corsicana, and *Leon Douglas,* State's Attorney, Austin, for the state.

PER CURIAM.

The offense is the unlawful possession of whisky for the purpose of sale in a dry area, with prior convictions for offenses of like character alleged for enhancement; the punishment, 4 years in jail and a fine of $4,000.00.

The record does not reflect that a notice of appeal was given and entered of record, as required by Article 827, V.A.C.C.P. In the absence thereof, this Court has no jurisdiction to entertain the appeal.

The appeal is dismissed.

#### ON MOTION TO REINSTATE APPEAL

McDONALD, Judge.

This case was dismissed because no notice of appeal appeared in the record.

A supplemental transcript has now been filed, consisting of a statement by the county clerk that notice of appeal appears on the court's docket sheet but was not spread upon the minutes of the court for the reason that the court "has not had in the past, nor does it now have a Minute Book upon which such order could be entered."

In his motion to reinstate the appeal, appellant cites —among other cases— Blair v. State, 138 Tex. Cr. Rep. 247, 135 S.W. 2d 715, and Hopkins v. State, 151 Tex. Cr. Rep. 304, 207 S.W. 2d 626.

In the Blair case, the failure of the record to contain notice

of appeal was an inadvertence of the clerk making up the record, but proper notice was given and entered into the minutes of the court at the proper time.

In the Hopkins case, notice of appeal to this court appears in the record only as a docket entry —which is insufficient, as Art. 827, V.A.C.C.P., requires that notice of appeal be given in open court and entered of record. In the motion to reinstate the appeal in the Hopkins case, appellant caused the notice of appeal to be entered in the minutes of the court and brought forward by supplemental transcript, in compliance with law. The motion was then granted and the case considered on its merits.

As may be seen, neither Blair nor Hopkins supports appellant's contention, here, as embodied in his motion.

The defect in the notice of appeal lies in the fact that it was not "entered of record," as is expressly required by Art. 827, supra. This court has uniformly held that the term "entered of record," as there used, means "entered of record in the minutes of the * * * court," and that a docket entry or other certification or memorandum is not sufficient to constitute "entered of record." Authorities attesting that rule will be found collated under Note 5 of Art. 827, supra. See, also, 5 Tex. Jur. 2d, Sec. 71, page 122, and Pounds v. State, 169 Tex. Cr. Rep. 309, 334 S.W. 2d 191, in which case we said:

> "This court has also uniformly held that a notice of appeal as required by the statute (Art. 827, C.C.P.) is necessary to the jurisdiction of this court and until the notice of appeal is given and entered of record as required by the statute this court is without authority to enter any order in the case save and except to dismiss the appeal.

> "Here, all parties —including the trial court— knew that this appellant desired to appeal his case and so announced in open court. Yet such appeal is denied because notice was not entered in the minutes of the court, and appellant was thereby deprived of the right to have his conviction reviewed by this court."

*   *   *   *   *   *   *

> "Art. 827, C.C.P., which requires the notice of appeal to be entered in the minutes, makes it the duty of the trial judge,

under the facts certified to him herein, to order appellant's notice of appeal entered of record as of date when notice of appeal was actually given in open court.

"When this has been done, appellant will be in position to have his appeal reinstated and considered."

This court, in the instant case, has no alternative other than to follow the mandate of the law and dismiss the appeal.

The motion to reinstate the appeal is overruled.

### ON SECOND MOTION TO REINSTATE THE APPEAL

WOODLEY, Presiding Judge.

It being shown by supplemental transcript that notice of appeal was properly given and has been entered of record, the appeal is reinstated.

An examination of the statement of facts reveals that, during a search of appellant's premises, four half pints of whisky were found which appellant was seen to throw out of his hog pen.

There was no evidence to show that appellant possessed the four half pints of whisky for the purpose of selling it, and the amount of whisky was not sufficient to raise the presumption that it was possessed for the purpose of sale.

The state relies heavily upon the testimony showing that, while under bond, appellant offered money to one of the officers who saw him throw the whisky, to suppress or influence his testimony.

We are unable to agree that this evidence was sufficient to show that appellant possessed the whisky for the purpose of sale. In fact, in the conversation between appellant and the officer, introduced by the state, appellant said: "I ain't selling nothing, George, I'm telling you the truth" and said "I can't even have a drink any more without you coming down here."

Hart v. State, 152 Tex. Cr. R. 537, 215 S.W. 2d 883, and Burris v. State, 168 Tex. Cr. Rep. 375, 327 S.W. 2d 756, support our conclusion that the evidence is insufficient to sustain the conviction, though a strong suspicion of guilt is shown.

The judgment is reversed and the cause remanded.