for any offense it may elect which grows out of the same transaction. 1 Branch's Ann.P.C. 2nd Ed. 625, sec. 654; Martinez v. State, 165 Tex.Cr.R. 244, 306 S.W.2d 131. The fact that testimony relied upon by the State to show the offense charged against an accused also develops facts which constitute another independent crime does not prevent a conviction for the offense on trial. Fuentes v. State, 163 Tex. Cr.R. 410, 292 S.W.2d 117.

The judgment is affirmed.

Opinion approved by the Court.

T. D. Wells, Paris, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is possession of untaxed whiskey; the punishment, 4 months in jail and a fine of $250.

Our able State's Attorney confesses error, and we agree. A defense witness was asked on cross-examination by the State if she had been fooling with wild-cat whiskey for the last five years or longer, and further whether or not she had been convicted for selling or handling whiskey. Appellant's timely objection was overruled.

This constituted impeachment by proof of misdemeanors which do not involve moral turpitude and violates the terms of Article 732a, V.A.C.C.P. See Andrews v. State, 154 Tex.Cr.R. 392, 228 S.W.2d 173, and Davidson v. State, 161 Tex.Cr.R. 486, 278 S.W.2d 861.

For the reasons pointed out, the judgment is reversed and the cause is remanded.

**Curtis SMITH, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 33470.

Court of Criminal Appeals of Texas.

May 24, 1961.