**Ex parte Charles William ALEXANDER.**

No. 39374.

Court of Criminal Appeals of Texas.

March 2, 1966.

On Motion to Reinstate Appeal June 8, 1966.

---

Brown & Brown, by Wm. V. Brown, Jr., Texarkana, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

McDONALD, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding, remanding appellant to custody for extradition to the State of California.

The only indication in the record that appellant gave notice of appeal appears in the statement of facts, where appellant's counsel stated, " * * * I would like to except to the Court's ruling and give notice of appeal to the Court of Criminal Appeals at Austin, Texas, Your Honor."

It does not appear that notice of appeal has been entered in the minutes of the trial court, therefore the jurisdictional requirements of Article 827, Vernon's Ann.C.C.P., applicable here, have not been satisfied, and this court is without authority to enter any order other than dismissal of the appeal. Pounds v. State, 169 Tex.Cr.R. 309, 334 S. W.2d 191.

Accordingly, the appeal is dismissed.

OPINION
ON
APPELLANT'S MOTION TO
REINSTATE APPEAL

McDONALD, Presiding Judge.

By order entered nunc pro tunc by the trial court, the record now shows that notice of appeal was given in open court and entered of record in the minutes of the trial court.

In his application for writ of habeas corpus, appellant contended that he was illegally confined and restrained of his liberty at the county jail in Hopkins County, Texas, by Delphia Leewright, Sheriff of that county, pending extradition.

It now appears that Sheriff Leewright, after dismissal of appellant's appeal by this Court on March 2, 1966, and before the notice of appeal was entered and motion

to reinstate was filed, delivered appellant into the custody of authorities from the State of California to be extradited, and that appellant is no longer held in custody in this state.

The records of this Court also reveal that appellant's conviction for the offense of fondling, appealed from the District Court of Delta County, was affirmed in Alexander v. State, Tex.Cr.App., 402 S.W.2d 170, and mandate was issued in that cause on May 20, 1966.

Motion to reinstate the appeal is overruled.