**Frank YBARRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39553.

Court of Criminal Appeals of Texas.

April 20, 1966.

Todd & Quinn, by Nelson Quinn, Abilene, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for the unlawful possession of beer for the purpose of sale in a dry area; the punishment, ninety days in jail and a fine of $500.

In view of our disposition of the case, a recitation of the facts is unnecessary other than to observe that evidence was presented by the state which showed that on October 17, 1965, officers went to appellant's residence and, under the authority of a search warrant, searched the premises for intoxicating liquors. In the search, a quantity of beer and other intoxicating liquors was found on the premises.

For the purpose of showing appellant's intent in possessing the beer, the state offered in evidence three judgments of conviction of appellant in the County Court of Nolan County for violations of the liquor laws. The first conviction was on August 30, 1961, for the offense of unlawful sale of beer; the second conviction was on July 1, 1963, for the unlawful possession of whisky for the purpose of sale; and the third conviction was on February 5, 1965, for the unlawful possession of beer for the purpose of sale.

Appellant timely objected to the introduction of the judgments in evidence, on the ground that they related to extraneous offenses, that they were not admissible on any issue in the case, and that they were remote in point of time to the offense charged.

In admitting the judgments in evidence over appellant's objection, the court erred.

It is the rule that in prosecutions for possession of intoxicating liquor for the purpose of sale in a dry area, proof of recent convictions for the unlawful sale of liquor in a dry area is admissible on the issue of intent. See: Davidson v. State, 161 Tex.Cr.R. 486, 278 S.W.2d 861, and cases cited. However, this rule has no application to a prior conviction for the unlawful possession of liquor for the purpose of sale. Gaines v. State, 155 Tex.Cr.R. 79, 231 S.W.2d 429; McCoy v. State, 159 Tex. Cr.R. 315, 263 S.W.2d 782; Davidson v. State, supra.

Under such rule, the judgments of appellant's conviction on July 1, 1963, and February 5, 1965, for the unlawful possession of whisky and beer for the purpose of sale were improperly admitted.

It is also held that, to be admissible, a prior conviction for the unlawful sale of liquor must not be remote. In Jackson v. State, 135 Tex.Cr.R. 140, 118 S.W.2d 313, a conviction two years before the date of the offense charged was held to be too remote.

Appellant's conviction on August 30, 1961, for the unlawful sale of beer was too remote, and for that reason the judgment should not have been admitted in evidence.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the court.