## LIGE STYLES v. THE STATE.

*No. 1266.    Decided May 5th, 1897.*

**1.  Verdict—Sufficiency of.**

A verdict which read, "We, the jury, find the defendant guilty as in the indictment," omitting the word "charged," between the words "as" and "in," is sufficiently explicit, and clearly exhibits the intent of the jury.

**2.  Same—Aggravated Assault.**

On a trial for aggravated assault, where the issue of aggravated assault was alone submitted to the jury, it is not essential that the verdict should specify the grade of assault of which defendant was found guilty.

APPEAL from the County Court of Guadalupe. Tried below before Hon. F. C. WEINERT, County Judge.

Appeal from a conviction for aggravated assault; penalty, a fine of $25.

The indictment charged appellant with inflicting serious bodily injury upon Allen Styles, by shooting him with a gun, a deadly weapon.

Allen Styles was appellant's brother. They had some trouble at Luling, and appellant threatened to kill Allen, if he ever caught him and Charley Styles together. On the occasion of the difficulty, involved in this prosecution, Allen Styles went to Parson Pierce's to get a wagon. Lige Styles came up, and asked him if he wanted anything? He replied: "I have heard you were going to kill me, and if you want anything you can get it." Lige said: "G—d d—n you, you can get it right now." At that, both parties attempted to get hold of a hoe handle. Allen got it and Lige grabbed it, and, after struggling over it, Allen wrenched it from him and struck him over the head with it. Lige ran into the house, came back with a shotgun, and shot Allen. The gun was loaded with bird shot and Allen was wounded from his neck to the lower part of his bowels, and was confined in bed about four weeks.

The verdict is copied in the opinion.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged with and convicted of an aggravated assault, and fined $25; hence this appeal. It is contended that the verdict is vague, indefinite, uncertain, and not sufficiently specific to support the judgment based upon it. It reads as follows: "We, the jury, find the defendant guilty as in the indictment," etc.; the weakness in said verdict being found in the fact that the word "charged" is omitted between the words "as" and "in." There is nothing in this contention. The verdict is sufficiently specific, and clearly exhibits the intent of the jury. It is also contended that the verdict is insufficient, inasmuch as it does not sufficiently specify the grade of assault of which it is intended to find defendant guilty, because the charge of aggravated assault embodies within it a charge of simple assault, and the conviction may have been for the smaller offense. We think this alleged error is without merit. The charge of the court submits only the offense of aggravated assault. The issue of simple assault was not before the jury. They were not authorized to pass upon it, and were not charged with reference to it. Under this state of case, the verdict is sufficiently specific and certain, and is responsive to the charge and the testimony. The evidence amply supports the conviction, and the judgment is affirmed.

*Affirmed.*