## TILMAN JACKSON v. THE STATE.

*No. 1117.   Decided May 5th, 1897.*

Complaint—Information—Verdict.

Where defendant is prosecuted by information based upon a complaint, a verdict finding defendant, "guilty as charged in the complaint," is plain, intelligible, responsive to the pleadings and good.

APPEAL from the County Court of Jackson.   Tried below before Hon. JOHN O. ROWLETT, County Judge.

Appeal from a conviction for unlawfully carrying a pistol; penalty, a fine of $25.

No statement of facts.   A motion was made in arrest of judgment on the ground that the verdict was not responsive to the pleading in the case.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of carrying on his person a pistol, and appeals.   The motion for a new trial is based upon three grounds, all of which refer to and grow out of the evidence.   As there is no statement of facts in the record, these matters cannot be considered.   The motion in arrest of judgment was made, "because the verdict is not responsive to the case, as it reads, 'Guilty as charged in the complaint,' when in fact and in truth the defendant was charged by and tried on an information."   As usual in such cases, and as required by law, the information in this case was based upon the complaint, and it may be stated that the appellant was convicted upon the charge contained in both.   But the fact that the verdict stated that appellant was found guilty as charged in the complaint does not vitiate the verdict. The verdict is plain, intelligible, is responsive to the pleadings in the case and the charge of the court, and it is wholly immaterial whether the jury stated that he was found guilty as charged in the complaint, or in the information, or either.   The objection is hypercritical, and the judgment is affirmed.

*Affirmed.*