## ROY BUCKLEY V. THE STATE.

### No. 11029.   Delivered June 22, 1927.

### Rehearing granted October 19, 1927.

**1.—Carrying a Pistol—Statement of Facts—Question and Answer Form— Cannot Be Considered.**

Where a statement of facts is wholly in questions and answers transcribed from the stenographer's notes, under Vernon's Ann. Tex. C. C. P. 1925, Vol. 3, p. 100, Art. 760, Note 23, such statement of facts cannot be considered on appeal.

**2.—Same—Continuance—Properly Refused.**

Where appellant complains that he was not given necessary time to file a motion for continuance, and his bill does not show that there was any meritorious reason for a delay, no error is disclosed.

**3.—Same—Summoning Jury—By Sheriff—Held Proper.**

Where appellant complains that he was tried before jurors who did not compose the regular panel, but before a jury summoned by the sheriff, no irregularity was shown.   See Art. 640 C. C. P. 1925, Murff v. State, 281 S. W. 1077.

**4.—Same—Bill of Exception—In Question and Answer Form—Cannot Be Considered.**

Where a bill of exception is wholly in question and answer form, it cannot be considered on appeal.   See Jetty v. State, 90 Tex. Crim. Rep. 346.

#### ON REHEARING.

**5.—Same—Preparation for Trial—Practice in Trial Court.**

Our attention on rehearing is called to the fact that the complaint against appellant was filed on the 2nd day of March, 1927, and that the information was filed on the same day.   Appellant requested two days' delay in which to prepare for trial, which should have been granted him. See Art. 514, C. C. P. 1925; Arreland v. State, 82 Tex. Crim. Rep. 128, and other cases cited in opinion on rehearing.

Appeal from the County Court of Sabine County.   Tried below before the Hon. R. H. Dent, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of one hundred dollars.

The opinion states the case.

*T. B. Hamilton* of Hemphill, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful carrying of a pistol, punishment fixed at a fine of one hundred dollars.

The complaint was filed on the 6th of November, 1926. The information was filed and the trial took place on March 2, 1927.

The purported statement of facts is not in a condition for consideration for the reason that it consists wholly in questions and answers transcribed from the stenographer's notes. See Vernon's Ann. Tex. C. C. P. 1925, Vol. 3, p. 100, Art. 760, note 23.

There are four bills of exceptions. In the first bill complaint is made of the "refusal to give necessary time to file a motion for a continuance." There is nothing in the bill to show that there was any meritorious reason for a delay. It names no witnesses that would testify and states no other fact upon which this court could pass judgment to determine that there was error.

Bill No. 2 complains that the appellant was tried before jurors who did not compose the regular panel. The statute authorizes such action. See Art. 640, C. C. P., 1925. The bill states no facts which would warrant this court in concluding that in trying the case before a jury summoned by the sheriff there was any irregularity requiring or justifying a reversal. See Murff v. State, 281 S. W. 1077.

Bill No. 3 consists wholly of questions and answers and for that reason cannot be considered. See Jetty v. State, 90 Tex. Crim. Rep. 346. Moreover, it fails to state such surrounding facts as would enable this court to determine whether the complaint is meritorious or not.

Bill No. 4 seems to complain of the fact that the jury, in their verdict, used the word "indictment" instead of "information." This, in our judgment, would not vitiate the verdict. The bill also contains a recital in these words:

"Because the court erred in allowing the state to prove that the alleged offense occurred near the residence of the state's witness, Ira McLemore, and would not permit the defendant, nor his witnesses, to explain to the jury why he, the defendant, was at the residence of the said Ira McLemore at the time of the alleged offense."

The bill fails to contain any statement of other facts from which this court can determine whether the matter complained of took place. An objection based upon no facts certified by the trial judge can be given no weight upon appeal. Holmes v. State, 282 S. W. 585; Quinney v. State, 86 Tex. Crim. Rep. 358.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Attention is drawn to the fact that in stating that the complaint was filed on the 6th day of November, 1926, this court is mistaken. The complaint appears to have been sworn to upon that date but was not filed until March 2, 1927. On the same day (March 2, 1927) the information was filed and the trial took place against the will of the appellant, he insisting upon a delay of two days. Upon the overruling of that motion a written request for time within which to prepare a motion for a continuance was made, which was also denied. As the record is now presented, it appears that in refusing to delay the trial for two days after the filing of the complaint, a right conferred upon the appellant by statute was denied him. In Art. 514, C. C. P. 1925, it is said:

"In all cases the defendant shall be allowed two entire days, exclusive of all fractions of a day after his arrest, and during the term of the court, to file written pleadings."

The duty of the court to accord the time mentioned has been held imperative many times by this court. See Arrelando v. State, 82 Tex. Crim. Rep. 128; Evans v. State, 35 S. W. 169; Woodall v. State, 25 Tex. Crim. App. 617, and numerous authorities collated in Vernon's Tex. C. C. P. 1925, Vol. 1, p. 405.

For the reason stated the motion for rehearing is granted, the affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*