Morris Antner, alias Jew Morris v. The State.

No. 12890. Delivered February 5, 1930.
Rehearing denied State March 19, 1930.
Reported in 25 S. W. (2d) 860.

The opinion states the case,

*W. H. Tolbert* and *Samuels, Foster, Brown & McGee,* all of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Operating under a search warrant, officers searched premises testified by them to be the private residence of appellant in the City of Ft. Worth. In it they found ten pints of whiskey, five quarts of gin and a half gallon of corn whiskey. At this residence prior to the raid a detective had observed a man deliver a package to a negro. Afterwards and a short distance from appellant's residence the negro was apprehended and on him was found some whiskey. This negro did not testify. The raiding officers testified to the presence of two other individuals in the house at the time of the raid, at least one of whom attempted to escape. In a car near the residence, presumably belonging to one of these men, was found a quantity of gin, the wrappers of which corresponded in appearance to those found in the alleged residence of appellant. Witness Miller testified for appellant that he was in the hospital at the time of the raid and had been for about a week but that he and appellant and a Mr. and Mrs. Harding were living in the residence raided and that when he left such place for the hospital there was whiskey there; that he and Mr. Harding had whiskey. He did not know how much Mr. Harding had; that if appellant had any there, he didn't know it. He further testified that he and appellant paid room rent to Mr. Harding.

It is contended that the evidence showing the presence of intoxicating liquor in the alleged private residence of appellant was inadmissible because of the invalidity of the search warrant and the affidavit for same. The claimed invalidity of these consists in a failure to allege that whiskey was being sold or manufactured in the private residence of appellant, as required by Art. 691, P. C. We observe in such instruments the following allegation:

"That the particular grounds for the aforesaid belief of affiant are as follows:

"Observation of one John Davis a negro enter à garage located at 423 Summit Ave., have a conversation with a man in said garage, which man then left the said garage by the rear entrance and entered the above described residence being 420 Alabama St., by the rear entrance, emerge from said residence by the rear entrance, re-enter the garage by the rear entrance deliver to John Davis a package, who then came out of the said garage with a package containing one-half gallon of whiskey, which said whiskey Davis told affiants he purchased from the man in the garage who got it in the residence."

A sale of whiskey at this residence related to the affiants by Davis is clearly alleged and in our opinion sufficiently complies with the demands of Art. 691, P. C. A complaint and warrant in practically the same language as those of the instant case were held sufficient in the case of Villareal v. State, 21 S. W. (2nd) 739.

The Court failed to charge on circumstantial evidence and such failure was duly excepted to and a special charge covering this phase of the case was asked and refused. We think the case is clearly one of circumstantial evidence. No one testified to any act of ownership by appellant over the liquor in question nor to any act of his showing any attempt to exercise control over same. The possession of the liquor in question was an inference to be drawn from circumstances introduced against him. It was shown defensively that the residence in fact was under the control of a Mr. Harding It is recited in the bill of exception that appellant was not present when the raid was made. Others are shown to have occupied the house jointly with him and to have actually been in possession of liquor. Under these facts the Court erred in refusing to charge on circumstantial evidence. Williams v. State, 103 Tex. Crim. Rep. 18; McFarlan v. State, 292 S. W. 885; Keller v. State, 106 Tex. Crim. Rep. 351; Puga v. State, 17 S. W. (2nd) 55.

In view of another trial we express no opinion as to the sufficiency of the evidence.

We note in the statement of facts the presence of the affidavit and search warrant, which were admitted in evidence apparently before the jury without urging the objection that same contained hearsay and prejudicial matters. These two instruments under the facts of this case were admissible before the Court only as a basis for the determination of the question by the Court of the admissibility of the evidence touching the result of the search by the officers. They should not be read to the jury upon another trial if proper objection is urged.

For the error above discussed the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state has filed a motion for rehearing insisting that our original opinion is erroneous in holding that a charge on circumstantial evidence should have been given. We have again carefully examined the evidence and think the result of the analysis as stated in the original opinion is correct. Neither do we think the officer's testimony as to the transaction between appellant and a negro named Davis takes the case out of the rule of circumstantial evidence. Davis was not a witness. The officer testified to very cogent circumstances from which the inference could be drawn that appellant had sold whisky to Davis, and therefore that appellant possessed it for the purpose of sale, but it was an inference after all.

The state's motion for rehearing is overruled.

*Overruled.*