## EARL BURKE v. THE STATE.

No. 19677.   Delivered June 1, 1938.
Rehearing denied October 12, 1938.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was charged by complaint and information with a violation of the liquor laws of this State, and his punishment fixed at confinement in the county jail for sixty days.

The record contains nineteen bills of exceptions, many of which it will not be necessary to notice in view of the disposition made of this case.

Appellant's first and main complaint is as to the search warrant under which the sheriff and his deputy operated in searching the residence of appellant wherein they found 24 bottles of Grand Prize beer. In our judgment the search warrant

is fatally defective in that it fails to set forth the name of the appellant, whose residence was the subject of the search, the place in such warrant where the person in possession of such residence was to be inserted being left blank, and no name at all inserted therein. It seems that there was some testimony going to show a waiver of such warrant by appellant given by the sheriff, as follows: "When we got to Mr. Burke's home I got out of the car and walked to where he was standing on the gallery and told him that I had a search warrant and wanted to take a look around, and he said 'Go ahead.' He understood that I wanted to search his house for intoxicating liquors." This is not sufficient to constitute a waiver of a proper and legal search warrant. We have heretofore held in Jordan v. State, 111 Texas Crim. Rep. 83, 11 S. W. (2d) 323: "They [the officers] asked her [appellant's wife] if she had any objection to a search of the premises being made. She answered, 'No, go ahead and search.' * * * We are unable to reach the conclusion that the remarks attributed to appellant's wife, when advised by the officers that they had a search warrant, show that the search was authorized by consent." Also see Arnold v. State, 7 S. W. (2d) 1083. We quote from Dixon v. State, 108 Texas Crim. Rep. 650, 2 S. W. (2d) 272: "We are of opinion that one who is informed by the officers that they have a search warrant under which they propose to search his house, who says nothing further than 'All right, go ahead,' can not be held to thereby waive irregularities in the search warrant, or to have given his consent to the search without warrant."

That the search warrant was defective seems to be apparent, and, according to the above decisions such defects and irregularities were not waived by appellant. Therefore under Article 727a, C. C. P., the testimony of the only two witnesses who testified as to the facts was illegally obtained, and leaves us with no factual testimony whatsoever, thus necessitating a reversal of this judgment.

We note some further testimony of the sheriff and his deputy relative to other transactions at an earlier and different time than the presently complained of offense. We fail to see the admissibility of such testimony.

We see no good reason for further discussion of the many other bills of exceptions presented.

For the error discussed this judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

KRUEGER, JUDGE.—The State, in its motion for a rehearing, insists that we erred in our original opinion by holding that the search of appellant's home was illegal and the evidence discovered as a result thereof was inadmissible.

The State's contention seems to be that appellant consented to the search of his premises, because when the officers informed him that they had a search warrant and wanted to look around, he told them to "go ahead." It is further contended by the State that at the time of said search, no law was in effect authorizing the issuance of a search warrant to search for possession of intoxicating liquors illegally possessed, and since appellant was presumed to know this, he thereby consented to the search.

An examination of the law discloses that the Legislature by a special Act which took effect on March 6, 1937, made provision for the issuance of search warrants to search for the unlawful possession of intoxicating liquors. This act was subsequently repealed, but was re-enacted as Section 20 of Article 666, Penal Code, effective September 1, 1937; 45th Leg., p. 1053, Chap. 448, Sec. 25. See also Wilcoxson v. State, 116 S. W. (2d) 734.

The search of appellant's premises took place on the 19th day of May, 1937, some two months after the first passage of the law above referred to. Consequently there is no merit to the State's contention.

The motion for a rehearing will be overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.