### DIAMOND HALL v. THE STATE.

No. 20199.   Delivered February 22, 1939.

The opinion states the case.

*H. R. Rolston,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—This is a case involving a violation of the liquor laws of this State, and upon a conviction for a violation thereof appellant was fined $150.00.

Bill of exceptions No. 3 evidences error that will cause a reversal of this case. It relates to the introduction before the jury of the affidavit for a warrant to search the premises where a quantity of liquor was found, as well as the warrant authorizing such search, both of which instruments were introduced in evidence and read before the jury trying the case. We have heretofore held in numerous instances that such testimony was hearsay and not admissible before the jury, but should be introduced, if at all, before the court only for the purpose of determining the legality of the search, if such a question is presented. See Cropper v. State, 111 S. W. (2d) 709; White v. State, 119 Texas Crim Rep. 338, 45 S. W. (2d) 225; Uptmore v. State, 116 Texas Crim. Rep. 181, 32 S. W. (2d) 474; Antner v. State, 114 Texas Crim. Rep. 248, 25 S. W. (2d) 860; Gunter v. State, 109 Texas Crim Rep. 408, 4 S. W. (2d) 978; Seay v. State, 115 S. W. (2d) 418.

We also note that the testimony does not show with convincing clarity what connection, if any, that the appellant had

with the Speedway Night Club, other than that he had been seen in such place behind the counter a few times. We also note that the location of the place to be searched was set forth in the affidavit and search warrant as 217 *Herndon* Street in the city of Lufkin, Texas, and that the testimony of the sheriff who executed the warrant shows such place to have been No. 217 *Harrison* Street in said city. We call attention to these discrepancies in order that they might be corrected if possible in the event of another trial hereof.

The appellant also contends that the search warrant is based on information and belief, and should have been held invalid by the trial court, because the same shows upon its face to have been thus based. The affidavit for such warrant shows that same was made because:

"They have received on this date, May 28, 1938, reliable information from trustworthy citizens of Angelina County, Texas, this illicit liquor is now being kept and stored at the above described premises in violation of the law."

It seems to us that such an affidavit, based upon the above information, is based upon probable cause, and a search warrant issued thereunder would be a reasonable one.

However for the errors discussed, this judgment is reversed and the cause remanded.