ESTRESS TUCKER V. STATE

No. 32,181 October 12, 1960

DAVIDSON, Judge, concurred.

*Paul W. Anderson,* Marshall, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of wine for the purpose of sale in a dry area with two prior convictions for offenses of like character alleged for the purpose of enhancement; the punishment, 4 years in jail and a fine of $4000.

The disposition hereof makes a summary of the facts unnecessary.

Formal Bill of Exception No. 2 certifies that on the trial of the cause the state introduced into evidence before the jury the affidavit for the search warrant over the timely objection of the appellant.

The affidavit was clearly hearsay and, under the record presented, its admission in evidence was error and calls for a reversal of the conviction. 37-B Tex. Jur. 489, sec. 36; 3 Branch's Ann. P. C. 2d 106, sec. 1335; Hall v. State, 136 Tex. Cr. R. 320, 125 S.W. 2d 293; Byars v. State, 154 Tex. Cr. R. 515, 229 S.W. 2d 169; Hebert v State, 157 Tex. Cr. R. 504, 249 S.W. 2d 925 McGowan v. State, 158 Tex. Cr. R. 319, 255 S.W. 2d 512; Hicks v. State, 167 Tex. Cr. R. 115, 318 S.W. 2d 652; and Zorn v. State, 167 Tex. Cr. R. 502, 321 S.W. 2d 90.

The record further shows that state's counsel was permitted, over appellant's objection, to question a witness for the appellant with reference to certain forfeiture proceedings filed against appellant's two automobiles. Such an inquiry was irrelevant to any issue in the case and upon another trial should not be permitted.

The judgment is reversed and the cause remanded.

Opinion approved by the Court .

DAVIDSON, Judge, (concurring).

I concur in the reversal of this case, but insist that the evidence should be held to be insufficient to show appellant's guilt.

The sufficiency of the evidence to support the conviction is always one of the paramount questions in the appeal of a criminal case. Unless and until the state has proven the guilt of the accused there is little occasion or reason for this court to determine procedural errors in the trial of the case.

The evidence in this case is wholly insufficient, in law, to show the guilt of the appellant. This court ought to say so, and reverse the conviction for that reason.

Here are the facts—and all the facts—upon which this conviction rests: A liquor control agent, a deputy sheriff, and a constable searched, under and by authority of a search warrant, a

five-room frame rooming house situated at "804 Cook in the city limits of Marshall, Texas."

During the years 1954 to 1958 the house was assessed for taxes in the names of Callie Williams and Jewel White. For the year 1959, the tax year preceding the alleged offense on January 9, 1960, the property was assessed for tax purposes in the name of Jewel White. Callie Williams arranged for and made the required deposit for water service and for electric power to the house. The deposit for the gas service was made by Jewel Henderson.

Callie Williams and Jewel Henderson resided in the house, occupying, jointly, one of the three bed rooms. Callie Williams was the aunt of appellant's wife and Jewel Henderson was the mother of appellant's wife. Wendell Holley and his wife, who was the sister of appellant's wife, occupied a bedroom in the front of the house.

Appellant's only connection with the ownership or possession of the house was that he and his wife occupied one of the bedrooms and a mailbox bearing his name was on the house and a telephone was listed in his name.

There was a porch across the front of the house and another porch on the rear. The only bathroom in the house adjoined the back porch.

The searching officers found where a hole had been cut in the ceiling of the front porch and through that opening they found a quantity of whisky and wine stored in the attic or ceiling. Also a hole had been cut in the ceiling of the back porch and, by reaching a hand through that opening, a quantity of whisky and wine was found in the attic over the bathroom.

On the five persons shown to be occupying the house, only the wife of the appellant testified as a witness in the case. She denied any knowledge of there being in the house the intoxicants found by the officers.

As relevant to the question of intent with which the intoxicants were possessed, the state introduced evidence to the effect that appellant had been guilty of selling whisky for which offense he was neither charged, tried, nor convicted. Also, for the purpose of enhancing the punishment as a habitual, the state

proved against appellant two prior convictions for violations of the state liquor laws.

Of course, upon the merits of the case proof of the prior convictions was not admissible for any purpose. McCoy v. State, 159 Tex. Cr. R. 315, 263 S.W. 2d 782; Gaines v. State, 155 Tex. Cr. R. 79, 231 S.W. 2d 429; Burris v. State, 168 Tex. Cr. R. 375, 327 S.W. 2d 756.

Also, proof of the other violation of the liquor laws for which appellant had been neither tried nor convicted could hardly be material upon the issue of intent with which the liquors were possessed until the state proved, here, his possession of the liquors found by the officers. Until the state proved that appellant was in possession of the liquors, there was no issue of intent of possession.

It must be remembered that in possession-of-liquor cases the state has, first, the burden of proving possession by the accused of intoxicating liquor. Until the state has met and satisfied that burden there is no issue of intent. One could hardy intend to sell liquor which he neither owns nor possesses.

Here, the state wholly and utterly failed to show by legal and competent evidence that the liquor found by the officers was in the actual care, control, and management of the appellant. This the state was required to establish.

This case was a case of circumstantial evidence. The trial court so instructed the jury.

One of the cardinal rules touching the sufficiency of that type of testimony to authorize a conviction is that the circumstances in order to be sufficient must, among other things, exclude every other reasonable hypothesis save and except the guilt of the accused, and when other persons are shown to have been in position to commit the crime the outstanding hypothesis of their guilt has been shown and must be disproven. This court has given application to that rule in possession-of-liquor cases. Peters v. State, 142 Tex. Cr. R. 146, 151 S.W. 2d 592; Maddox v. State, 156 Tex. Cr. R. 151, 240 S.W. 2d 319; Ellerbe v. State, 161 Tex. Cr. R. 359, 277 S.W. 2d 701.

As was pointed out in those cases, the outstanding hypothesis of the guilt of others is overcome when those other persons are shown not to be in possession of the liquors.

Here, the state did not comply with that requirement, because it did not call the other occupants of the house as witnesses, especially the owner thereof, who was also an occupant. As has been stated, the only other occupant of the house called to testify was appellant's wife.

The state wholly failed to prove its case against the appellant.

This is a procedural error to which I advert:

The search warrant under which this search was made was wholly defective, because nowhere therein was the name of the appellant given as being the owner or occupant of the premises to be searched, nor was the name of the owner or occupant stated as being unknown or the owner or occupant as being an unknown person. One or the other of these must be shown in the search warrant for it to be valid and a search authorized thereunder. Arts. 310, 312, and 315, C. C. P.

Art. 666-20, Vernon's P. C., makes those articles applicable and controlling in liquor cases. See: Brown v. State, 136 Tex. Cr. R. 61, 124 S. W. 2d 124; Burke v. State, 135 Tex. Cr. R. 296, 120 S.W. 2d 95; Loven v. State, 145 Tex. Cr. R. 260, 167 S.W. 2d 515.

The instant search warrant failed to contain any reference whatsoever to the ownership or occupancy of the premises to be searched. Nor was it stated therein that the owner or occupant was unknown. In fact, the space customarily left in a search warrant for the insertion of such facts was left entirely blank, with no apparent effort to comply with the demands of the statute.

The Burke case, supra, is directly in point, the instant search warrant being subject to the identical defect that was therein held to render that search warrant defective.

Appellant's objection to the search was overruled.

The trial court was perfectly warranted in overruling that objection, however, because of the rule that for one to be authorized to object to a search he must be in possession of the premises searched and if he is not, then he has no right to object to a search of the premises not in his possession. Johnson v. State, 165 Tex. Cr. R. 563, 310 S.W. 2d 70; and other authorities collated under Key 7 (26), Texas Digest, Searches and Seizures.

Neither at the time the objection was made nor at any other

time was appellant in possession of the premises. The house searched was in the possession of the owner, who occupied it. If there be a presumption, it is that the owner and occupant had the possession of the house. This presumption attains until the contrary is shown. It follows that the only person authorized to object to the search under the defective search warrant was the owner, occupant, and possessor of the premises.

So, by introducing into the evidence the result of the search, under the defective search warrant and over appellant's objection, the state casts itself in the position of assenting and agreeing that appellant was not in possession of the house. Therefore, the appellant was not authorized to object to the search thereof.

But such position on the part of the state appears to have lasted only until the fruits of the search had been received in evidence, and then the state proceeds to change horses in the middle of the stream and asserts and claims that appellant was in possession of the house and was therefore in possession of the liquor found therein.

Obviously, both positions cannot exist. If appellant was in possession of the house he was in position to object, and his objection was well taken to the unlawful search under the defective search warrant. If appellant was not in possession of the house, he was not in possession of the liquors found therein and is not guilty of the offense charged. If appellant was in possession of the house, his objection to proof of the search was well taken and should have been sustained. If he was not in possession of the house, his guilt was not shown.

There is no escape, therefore, from the conclusion that this conviction can not stand.

The judgment of conviction should be reversed for the reasons above stated.