Antonio Reyes **ALBITEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43307.

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

Rehearing Denied Jan. 27, 1971.

Filemon B. Vela, Brownsville, for appellant.

F. T. Graham, Dist. Atty., Menton Murray, Jr., Asst. Dist. Atty., Brownsville, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of dihydrocodeinone, a narcotic; the punishment, five (5) years.

Appellant's first ground of error attacks the sufficiency of the affidavit for the search warrant. We set forth the affidavit omitting the formal parts.

"I, Detective Roy Zepeda of the Brownsville Police Department, recently received information leading to the arrest of a subject and the subsequent seizure of a small amount of heroin. Prosecution in this case is still pending.

"This reliable and credible informant has given me further information that within the past two weeks, she has been the witness to the administration of heroin shots to at least one subject in an apartment which is #4 at 830 E. Elizabeth Street in Brownsville, Cameron County, Texas. The informant has further revealed that the shots have been administered by ANTONIO REYES ALBITEZ, whom I know as a narcotics violator and who has been previously convicted of violating the U. S. Narcotics Laws, and who resides at said apartment.

"I have good reason to believe and do believe that there is stored in said apartment or on said premises a certain amount of heroin.

"My belief is further strengthened by the fact that the suspect arrested in connection with the above mentioned information told Detective Sgt. Andy Vega that an amount of heroin similar in size to that found on him is today being held by Antonio Reyes Albitez in his apartment. This information was given by the arrested subject after he had been properly warned of his Constitutional rights.

"Wherefore, I ask that a warrant to search the above mentioned apartment and premises at #4 apartment at 830 E. Elizabeth in Brownsville, Cameron County, Texas, and seize the said heroin mentioned above be issued in accordance with the law in such cases provided.

"s/ Rogerio Zepeda
—————————————————
"ROGERIO ZEPEDA

"Sworn and subscribed to before me by Rogerio Zepeda on this the 11th day of August, A.D., 1969.

"s/ Juan E. Gavito
—————————————————
"Justice of the Peace"

On the issue of probable cause, the following evidence was adduced. The witness, Jim Tatum Moore, testified that he met the appellant at a bar and the appellant asked him if he wanted some "stuff." Whereupon the two repaired to the appellant's apartment. When they arrived at the apartment, the appellant furnished him a quantity of heroin and he shot the same into his arm. Moore left appellant's apartment with enough heroin for one or two shots and he was arrested just after leaving the apartment within one-half block of the apartment between 2:30 p. m. and 4:00 p. m. At the time of his arrest, he made a statement to Officer Lonnie Florence.

Officer Zepeda testified that he received a call on the day in question. From the call he received information that there were some narcotics in the apartment. Upon receipt of this information, Officer Zepeda, in the company of Officer Florence, went to a department store directly across from appellant's apartment and looked through the open window into the apartment, where he saw appellant and Moore. He then began typing an affidavit for a search warrant, while still in the department store. When Moore left the apartment Zepeda and Florence followed him and arrested him, finding heroin on his person. Zepeda then went back to the department store, where he continued to prepare the affidavit.

Thereafter, he went to Justice of the Peace, Juan E. Gavito, where he tendered the affidavit which he had prepared. Judge Gavito issued the warrant. Officer Zepeda in the company of Officers Florence and Vega and another officer, then went to the appellant's apartment. They knocked on the door and received no response. Noticing that the apartment was locked with a padlock on the outside, they procured a key from a fuse box, outside the apartment, in the hallway. In the apartment they found narcotic paraphernalia consisting of syringes, needles, and a powder which was later shown by the testimony of the chemist to be dihydrocodeinone.

Officer Florence testified that he accompanied Officer Zepeda in the surveillance that was conducted from the department store and in the arrest of Moore. He and Officer Zepeda searched Mr. Moore, placing him under arrest, and Officer Florence took him back to headquarters and made a more thorough search. As a result of that search, heroin was found in his possession. Although Officer Florence did not testify what Moore told him at the time of his arrest, he did testify that he interviewed Moore; that Sgt. Vega was there during this interview; and that the information that Moore told them was passed on to Detective Zepeda, who was at the courthouse by his time. Officers Florence and Vega then went to the appellant's apartment, where Officer Zepeda showed them the search warrant which he had procured, and they searched the apartment.

■ Appellant contends that the affidavit, on its face, does not state probable cause for the issuance of a search warrant. Although the affidavit is not a model one,[1] we conclude that it states probable cause and is sufficient.

---

1. In the case at bar, Jim Moore could have, and should have been named in the affidavit.

Also, in connection with appellant's first point of error, we find that Officer Zepeda took the affidavit which he prepared in the department store to Justice of the Peace Juan Gavito and Judge Gavito found this affidavit to be insufficient to show probable cause. The Justice of the Peace then helped him prepare a second affidavit, which appears in the record, and which was the basis for the issuance of the warrant in this case. Surely such assistance on the part of the magistrate is not to be condemned but is to be commended. It was his duty to see that the affidavit was sufficient to reflect probable cause before he issued the warrant.

Appellant's second ground of error is that the following questions were propounded to the arresting officer, and the court sustained the state's objection hereto. They are as follows:

"Q. Do you know whether or not she, to your knowledge, has been in the apartment of the Defendant?

"Q. Can you tell us whether or not this person who gave you this information could be a witness for or against the Defendant in this cause?

"Q. Is this person who gave you this information a heroin addict?

"Q. Is this person who gave you this information in any way related to Jim Tatum Moore?

"Q. Do you know of your knowledge why you don't want to disclose the name of this informer?"

There is nothing in the record that would indicate that the informer was present at the time of the arrest, and there is no showing that the informer participated in any offense for which the defendant was being tried, nor that she was present at the time of this offense, nor that she was a material witness to the guilt or innocence of the defendant in the act charged.

We conclude that the court did not err in failing to require that such questions be answered. The holding of this Court in Bosley v. State, 414 S.W.2d 468, and the holding of the United States Supreme Court in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, would support such conclusion.

We further conclude that the court did not err in admitting the fruits of the search because of the manner in which the entry to the apartment was made. Certainly the officer, finding no one at home, effected an entry by "other less violent means," as set forth in Article 18.18, Vernon's Ann.C.C.P.

Appellant next contends that the court erred in admitting the affidavit and the search warrant into evidence before the jury. This he contends was over his objection. We quote from his objection.

"We wish to except, your Honor, for the purpose of the record, but not to burden this Court unless we are allowed to and this would take some time. We principally object to this on the grounds that are already before the Court in our Motion to Suppress under the laws of the searches and seizures of the State of Texas. If the Court wants those of record. * * *"

This Court has consistently held in Zorn v. State, 167 Tex.Cr.R. 502, 321 S.W.2d 90, and Hicks v. State, 167 Tex. Cr.R. 115, 318 S.W.2d 652, that it constitutes error for the court to admit the affidavit and the search warrant over an objection that they are hearsay. We find no such objection here. Appellant had filed a motion to suppress, and a hearing was had thereon. It would clearly appear that the objection set forth above made no mention of hearsay and failed to call the court's attention to any objection on that ground.

In the case at bar, any error is clearly harmless because the appellant himself tes-

tified for some forty pages in his record admitting that he had been a narcotic addict since the age of thirteen. Appellant admitted having been convicted for possession of heroin, and stated that he was using the drug named in this indictment in order to overcome his heroin addiction.

Appellant's bill of exception to argument is shown below:

"COMES NOW the Defendant-Appellant pursuant to Section Six (6), Article 40.09, Code of Criminal Procedure and files this First Bill of Exception to have the record disclose a portion of Defense Counsel's argument, the Prosecutor's objection and the comment of the Court, as follows:

"Mr. Vela (speaking to the Jury in final argument) 'I speak of Mr. Betancourt, the witness, not Mr. Betancourt, the Prosecutor. The fact remains, *he* told you himself that Jim Tatum Moore is not going to be prosecuted!'

"Mr. Betancourt: 'I object. I did not say that!'

"Mr. Vela: 'You most certainly did!'

"The Court: 'Sustained.'

"Mr. Vela (to the Court): 'Your Honor, He testified and I have a right to reduce his testimony to any reasonable conclusion. He's like any other witness.'

"The Court: 'Mr. Vela, the Court has already sustained the objection.'

"Mr. Vela: 'Please note our exception.'

"s/ Filemon B. Vela
"Attorney for Defendant"

■ During the trial, the prosecutor, Mr. Betancourt, testified that he had made no deal with the witness Moore and told him prior to trial, "I don't know what your lawyer told you or what anyone told you, but I am telling you that I am not going to promise you anything and I can't guarantee you anything."

Clearly the trial court did not err in sustaining the state's objection to the statement by counsel in his jury argument, which was contrary to the evidence.

■ Appellant's requested charge No. 1 was as follows: "If you the jury believe that the Defendant at the time of possession of the dihydrocodeinone had the same for and in good faith and for the purpose of assisting him in the withdrawl (sic) *from heroin addiction, you must acquit* the Defendant."

Article 725b, Vernon's Ann.P.C. sets forth several classes of persons authorized to possess narcotic drugs under certain conditions. Included in this group are physicians, veterinarians, pharmacists, common carriers while transporting drugs and various other individuals who must necessarily possess narcotic drugs in the course of legitimate business or occupation. In the case at bar, the Court did not err in declining to give the requested charge because there is no law authorizing such a charge. The case of Fyke v. State, Tex. Cr.App., 184 S.W. 197, relied upon by the appellant, can have no application here. Fyke was a physician who was administering the morphine to a sick woman and is not controlling here.

Appellant's last ground of error is that the court erred in that he failed to give an instruction with regard to an undisclosed informer. Appellant admits in his brief that he failed to request such a charge. Nothing is presented for review.

Finding the evidence sufficient to support the conviction and no reversible error, the judgment is affirmed.