491 P.2d 1165

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ronald Lee WHITE, Defendant-Appellant.**

**No. 707.**

Court of Appeals of New Mexico.

Nov. 12, 1971.

Harvey C. Markley, Lovington, for defendant-appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

COWAN, Judge.

From a judgment and sentence following his conviction in the District Court of Lea County for armed robbery contrary to § 40A–16–2, N.M.S.A.1953 (Repl.Vol. 6), defendant appeals. He was tried jointly with one Mose Lee Gilliam, also convicted.

We affirm.

On the night of October 16, 1970, Mrs. Leo Berry was working alone at the Quick Shop Grocery Store on south Dal Paso Street in Hobbs. About 10:00 P.M. two men entered and one of them asked for a candy bar. When she turned to get the candy, she was struck on the back of the head. She tried to flee to the back of the store but her way was blocked by one of the two men. She was then beaten about the head, and fell. The men tried unsuccessfully to open the cash register and then one of them said "We better get out of

here". Mrs. Berry thought they had gone, but she continued to lie on the floor for a moment longer. She then raised up on one elbow and saw one of the two men. He came up, pushed her back down and she was again struck on the head. The men tried again to open the register, were again unsuccessful, and finally left the store, whereupon she called the police and was taken to the hospital. Her purse was stolen in the robbery.

At the trial Mrs. Berry identified Gilliam as one of the robbers from his previous visits to the store, from his clothing, from his manner and from a photograph shown her while in the hospital. She also made positive identification of him in court as one of the two who came in the store, as the one who blocked her passage as she tried to flee and as the one who pushed her back down as she lay on the floor.

At the hospital Mrs. Berry identified the defendant here from a photograph among some 30 others in a "mug book" and from his size and clothing. She made positive identification of him at the trial as one of the two men who entered the store and as the one who asked for the candy bar.

She was not able to identify the person or persons who struck her.

Defendant urges under point one that the trial court erred in denying him a trial separate from his co-defendant, Gilliam. He predicates his claim of error on the asserted fact that the evidence of identification of his co-defendant was more substantial than was the evidence of his identification and that he was thereby prejudiced by "guilt by association". Whether a separate trial should have been granted him is a matter addressed to and resolved by the sound discretion of the court. State v. Pope, 78 N.M. 282, 430 P.2d 779 (Ct.App. 1967).

While *Pope* has reference principally to separate trials for defendants jointly indicted, the fact that here the co-defendants were separately informed against for the same offense is of no significance. State v. Fagan, 78 N.M. 618, 435 P.2d 771 (Ct.App.1967).

We cannot say that the defendant was prejudiced by the court's refusal to give him a separate trial or that the trial court abused its discretion.

By his second point the defendant asserts that the evidence of his identification was insufficient as a matter of law. This claim is also without merit. In State v. Williamson, 78 N.M. 751, 438 P.2d 161 (1968), cert. denied, 393 U.S. 891, 89 S.Ct. 212, 21 L. Ed.2d 170 (1968), the court stated that a person may properly be identified by size, height, movements, features, mannerisms and clothing. The opinion continued:

". . . It is not essential for a conviction that a positive identification be made of the accused. It is sufficient if the witnesses testify that in their belief, opinion or judgment the person accused is the person who perpetrated the crime and want of positiveness goes only to the weight of the testimony. . . ."

The jury believed in the accuracy of Mrs. Berry's identification of the defendant. It was an issue for their determination. State v. Ortega, 79 N.M. 744, 449 P.2d 346 (Ct.App.1968).

Defendant also complains in his brief that the jury should have considered the alibi instruction more carefully and urges fundamental error. This complaint is unsupported by either argument or authority and we find it without merit.

There being no error, the judgment and sentence appealed from is affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.