James Arthur **CHERRY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44735.

Court of Criminal Appeals of Texas.

March 29, 1972.

Rehearing Denied May 31, 1972.

Melvyn Carson Bruder, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the possession of heroin; the punishment, enhanced by proof of two prior non-capital felony convictions under the provisions of Article 63, Vernon's Ann.P.C., life imprisonment.

The appellant urges that the evidence is insufficient to sustain the conviction.

Several Dallas police officers, assigned to the Narcotics Division, armed with a search warrant, went to a house located at 1900 Pennsylvania Avenue in Dallas, near the noon hour. One officer was stationed at the front door. Four officers went to the side door where the screen door was latched. After knocking on the door, they heard a loud commotion and someone running in the house. One of the officers hollered "police." The officers then broke the door down and entered. In the room where they did enter they found numerous white capsules, needles, syringes, a stack of money and a pistol, all on a coffee table. The search also revealed empty gelatin capsules, burnt spoons, homemade eyedropper syringes, needles and other narcotic paraphernalia. The officers searched the appellant and found in his right front trousers pocket a total of eleven capsules. Expert testimony showed these capsules to contain heroin.

The prior convictions alleged for the purposes of enhancement of punishment were proved by competent evidence.

The evidence is ample to sustain the judgment.

Ground of error number two is that "The trial court erred in permitting the State to introduce before the jury the contents of the affidavit for the search warrant, thereby violating the rule prohibiting hearsay testimony and violating the appellant's right to confrontation secured by Amendment VI, United States Constitution."

Hicks v. State, 167 Tex.Cr.R. 115, 318 S.W.2d 652 (1958) and Zorn v. State, 167 Tex.Cr.R. 502, 321 S.W.2d 90 (1959) are cited and relied upon by the appellant. The affidavits and search warrants in Hicks v. State, *supra,* and Zorn v. State, *supra,* were introduced into evidence before the jury and their contents were read and made known to the jury, which required that they be reversed.

The hearsay allegations contained in the affidavit showing probable cause were not made known to the jury as they were in Dawson v. State, 477 S.W.2d 277 (Tex.Cr. App.1972).

In the case at hand the search warrant and the affidavit upon which it was based were introduced and exhibited to the court. Their contents were *not* made known to the jury. The testimony complained of that was elicited in the jury's presence was that one of the officers, as a result of a telephone call, prepared "proper papers" which were presented to a magistrate, who issued the search warrant. Further, testimony was that the search warrant which the officers served and executed authorized the search of the premises at 1900 Pennsylvania Avenue, the arrest of the appellant and others and the seizure of nar-

cotics, if any were found. No error is shown. See Platt v. State, 402 S.W.2d 898 (Tex.Crim.App.1966) and Locke v. State, 169 Tex.Cr.R. 361, 334 S.W.2d 292 (1960).

Ground of error number three is that "The trial court erred in refusing to permit appellant to inquire of a State witness pertinent facts regarding the alleged informant." [1]

A hearing was held on the motion to suppress evidence prior to the jury trial. The prosecutor exhibited the search warrant and the affidavit upon which it was issued to the court. Thereafter, he needlessly engaged in a lengthy interrogation of the officer, who was the affiant, concerning probable cause. The officer was then cross-examined by the defense counsel. The complaint here is that the officer was not required to answer a number of questions on cross-examination. These questions concerned the informant's criminal record, whether he used narcotics, had a steady job, received payment for the information, the length of time witness had known the informer and whether there were discrepancies between the information received and the facts as later determined.

When the State relies upon a search warrant to establish the validity of a search, probable cause is determined from the affidavit, Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Jackson v. State, 365 S.W.2d 935 (Tex.Crim.App.1963), not from testimony of the officer at a hearing after the search warrant has been served and executed.

The trial court did not err in refusing to permit the appellant to elicit the information he sought concerning the informant.

Ground of error number four is that "The trial court erred in admitting testimony concerning an extraneous offense." One of the persons in the house with the appellant when the officers entered was Columbus Rand. When the officers searched Rand there on the premises they found narcotics on his person, the same as they had on the person of the appellant. The admission of this testimony was proper as a part of the circumstances surrounding the search and the appellant's arrest. See Wright v. State, 168 Tex.Cr.R. 645, 330 S.W.2d 620 (Tex.Crim.App.1959).

The fifth ground of error is that "The trial court erred in refusing to grant appellant's request for the grand jury transcription of testimony of certain state's witnesses."

Officers Hemby, Zapata and Hamer testified. The appellant demanded a transcript of the testimony of each officer made when they testified before the grand jury. The record does not show that a transcript of the grand jury testimony was made and was available. Furthermore, it was not shown that any of these officers did in fact testify before the grand jury concerning this indictment. This ground of error is without merit. See Hardin v. State, 453 S.W.2d 156 (Tex.Crim.App. 1970).

The remaining grounds of error stated in the brief will not be reviewed because they do not meet the requirements of Article 40.09, Section 9, V.A.C.C.P.

The judgment is affirmed.

Opinion approved by the Court.

---

1. This ground of error does not complain that the name and identity of the informer should have been made known. However, the "pertinent facts" sought might have had the same result.